FILED
AUG 09 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Kenneth Wayne Lewis, )
)
    Plaintiff, )
)
v. ) Civil Action No. 19-2013 (UNA)
)
)
William P. Barr *et al.*, )
)
    Defendants. )

## **MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, captioned "Responsive Pleading," and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

A complaint "that contains only vague and conclusory claims with no specific facts supporting the allegations" simply fails to satisfy the pleading requirements of Rule 8(a). *Hilska v. Jones*, 217 F.R.D. 16, 21 (D.D.C. 2003) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Additionally, "a complaint that is . . . rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citations and internal quotation marks omitted)). The instant complaint suffers from such defects.

Plaintiff is a federal prisoner at the Federal Correctional Institution in Fort Dix, New Jersey. The document liberally construed as a complaint refers to the Privacy Act, Rule 56 of the Federal Rules of Civil Procedure, and "movant" and "nonmovants." What is missing is a coherent set of facts and a clear statement showing plaintiff's entitlement to relief. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: August 8, 2019

_____
United States District Judge